UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
CONFECTION E.D.P.,                        :   04 CIV. 9229 (DLC)
                                          :
                    Plaintiff,            :   MEMORANDUM OPINION
                                          :
         -v-                              :
                                          :
QUANTUM FURNITURE LLC and DIVERSIFIED     :
IMPEX CORP.,                              :
                                          :
                    Defendants.           :
                                          :
------------------------------------------X



Appearances:

For plaintiff:
Howard L. Simon
Alison C. Gilbert
Brauner Baron Rosenzweig & Klein LLP
61 Broadway, 18th Floor
New York, New York 10006

For defendant Quantum Furniture LLC:
Justene M. Adamec
Pumilia & Adamec, LLP
555 West Fifth Street, Suite 3100
Los Angeles, California 90013

McLaughlin & Stern, LLP
260 Madison Avenue
New York, New York 10016

DENISE COTE, District Judge:

    This Opinion considers plaintiff's motion for summary judgment against defendant Quantum Furniture LLC ("Quantum") in this case involving a dispute over payment for goods. For the reasons stated below, the motion is denied.

Background

    Plaintiff Confection E.D.P. ("EDP") is a Canadian corporation that supplies fabric and cushions used in furniture manufacturing. Quantum is a New York furniture distributor.

Quantum does not dispute that in August and September 2004, Quantum placed orders for various furniture components, described in a number of purchase orders and invoices, from EDP. Two of twenty-four invoices were paid by Quantum. It is undisputed that the remaining unpaid invoices total Cdn. $121,637. The parties dispute essentially one fact, that is, whether EDP delivered the goods ordered by Quantum. EDP represents that all invoiced furniture components were shipped to Myca, Inc. ("Myca"), a Canadian furniture manufacturer, as the parties had agreed.[1] Quantum does not attest that it rejected any goods. Myca entered bankruptcy in October 2004.

In support of its summary judgment motion, EDP submits an e-mail message from a Quantum employee indicating that payment of approximately Cdn. $24,954 was late because of intervening religious holidays. Quantum asserts that, without discovery, it cannot assess whether the goods were actually delivered. A declaration of Quantum's manager, Danny Vaswani, explains that because EDP had agreed to send all goods to Myca, "[u]ntil Myca filed for bankruptcy, . . . Quantum trusted that the goods were shipped and did not make complaints. No one at Quantum saw the goods . . . ." Vaswani also attests that when he spoke with the attorney for Myca's bankruptcy trustee, the attorney told him

---

[1] Quantum and Myca entered into an exclusive distributorship agreement in July 2004; prior to that date, Myca ordered supplies from EDP directly. When Quantum and Myca executed their agreement, all existing purchase orders made by Myca for EDP goods were cancelled, and new purchase orders were placed by Quantum.

that goods sent from EDP to Myca had been used "for the benefit of [EDP]." Vaswani represents that Quantum has retained counsel in Quebec, where Myca is located, to procure admissible evidence regarding what goods were delivered and for what purpose they were used. An affidavit of Patrice Rainville, EDP's vice president and principal director (the "Rainville Affidavit"), counters that EDP has never received finished furniture from Myca and did not sell or supply finished furniture to customers during the period in question.

On November 22, 2004, EDP filed this action against Quantum and Diversified Impex, Inc.[2] alleging breach of contract and related claims. An initial conference was held in the matter on January 21, 2004. EDP moved for summary judgment on February 17, 2005, after initial disclosures had been completed but before a full discovery schedule had been issued.

Discussion

A court cannot grant summary judgment unless the parties' submissions "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. The moving

---

[2]Diversified Impex, Inc. signed a letter of credit for Quantum when Quantum began placing orders to EDP. EDP has not drawn on the letter of credit and, according to a declaration from Diversified's president, Chandru Jagwani (the "Jagwani Declaration"), it has never attempted to do so. EDP claims that it is unable to draw on the letter of credit because Diversified refused to provide the inspection certificates it was required to issue. The Jagwani Declaration counters that EDP has failed to provide the paperwork required by the letter of credit to prove that the goods were actually shipped.

3

party bears the burden of demonstrating the absence of a material factual question, and as such, "always bears the initial responsibility of . . . identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). In making its determination, the court must view all facts in the light most favorable to the non-moving party. Id. at 323. When the moving party has asserted facts showing that it is entitled to summary judgment, the opposing party must "set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed. R. Civ. P.

Although both parties bafflingly fail to articulate any legal framework for the arguments set forth in their briefs, the transaction at issue appears to constitute a sale of goods covered by Article 2 of the Uniform Commercial Code (U.C.C.). See N.Y. U.C.C. § 2-102.[3] Ordinarily, before a seller can

---

[3]Plaintiff cites New York law in a footnote of its memorandum regarding the rendering of judgments in a foreign currency, and both defendants are incorporated and operate principally in New York. Having received no contrary indication, it is here assumed that the parties consent to the application of New York law. In any event, the application of New York law is appropriate here. See N.Y. U.C.C. § 1-105 ("[W]hen a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. Failing such agreement this Act applies to transactions bearing an appropriate relation to this state.")

4

recover for a breach of contract resulting from the buyer's nonpayment, it must establish that it fulfilled its obligation to deliver the goods in question. See id. § 2-301 (transfer and delivery of goods are obligations of the seller); id § 2-507 (unless otherwise agreed, tender of delivery is a condition to the buyer's duty to pay for goods). EDP identifies no direct evidence of delivery, such as a trucker's bill of lading, in support of its motion.[4] Although the e-mail message from a Quantum employee assuring that payment was forthcoming is evidence weighing in favor of plaintiff's claim, as it could support an inference that Myca, a bailee, had informed Quantum that the goods had indeed been delivered, cf. N.Y. U.C.C. § 2-503(4)(a) (making acknowledgment by a bailee a method of tendering goods that are sold without being physically moved), it does not suffice to carry plaintiff's burden of production on the delivery issue. Moreover, the amount mentioned in the e-mail message represents only a fraction of the entire sum that the plaintiff claims to be owed. Documents accompanying the invoices attached to the Rainville Affidavit bear a Myca fax stamp and handwritten checkmarks next to lists of goods; these documents may represent confirmation that the disputed goods were received by Myca, but they are nowhere identified or authenticated as such. Plaintiff points to the statement in Quantum's answer that

---

[4] What evidence is required to establish that delivery was performed may depend at least partly on whether the contract is a shipment contract or a destination contract, a point unaddressed by the parties.

"on information and belief, plaintiff shipped goods to Myca for the benefit of plaintiff, who received finished merchandise and purported that the goods were for the benefit of the purchase orders in the name of Quantum."[5] This language alone cannot form the basis for summary judgment for plaintiff, as it does not constitute an admission that the actual goods specified in the purchase orders and invoices were delivered to Myca.

Conclusion

Because questions of fact still exist regarding plaintiff's delivery of the goods in question, summary judgment is denied. If documents already submitted to the Court represent evidence of delivery of the goods at issue, plaintiff may renew its motion within ten days of the date of this Opinion by submitting affidavits that identify and authenticate this evidence.

Dated: New York, New York
July 18, 2005

```
                                    _____
                                           DENISE COTE
                                    United States District Judge
```

---

[5] Plaintiff correctly notes that the only evidence submitted by Quantum in support of this allegation is inadmissible hearsay that could not ordinarily be considered on a summary judgment motion. Summary judgment is denied, however, because plaintiff has failed to meet its burden of production, not because Quantum has submitted ample evidence to create a triable issue of fact. If plaintiff had established that it performed its obligations under the contract, summary judgment would be appropriate; any allegation that Myca used the goods for other purposes would constitute the basis for a separate counterclaim for conversion, not a defense to a breach of contract claim.

6